IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

Erin E. King,

                    Defendant.

ORDER

06-CR-110-WMC-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Erin E. King's supervised release was held on December 7, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on November 1, 2006, following her conviction for possession of pseudoephedrine for the manufacture of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2). This offense is a Class C felony. She was committed to the custody of the Bureau of Prisons to serve a term of 62 months, followed by three years' supervised release.

On July 29, 2010, defendant began her term of supervised release. On August 7, 2010, she violated Standard Condition No. 7, requiring her to refrain from excessive use of alcohol. Defendant later violated Special Condition No. 4, prohibiting her from the use of illegal drugs; Standard Condition No. 7, prohibiting her from excessive use of alcohol and from using any

narcotic or other controlled substance; and Special Condition No. 5, prohibiting her from the use of alcohol as evidenced by her November 1, 2010, and March 30, 2011, positive urinalyses for cocaine; her November 3, 2010, admission to using alcohol and cocaine. In November 2010, she violated Standard Condition No. 9, prohibiting her from association with any person convicted of a felony unless granted permission to do so by the probation officer as evidenced by her November 9, 2010, admission to socializing with convicted felon Kyle Vanderbilt. She violated again on April 13, 2011, admitting to using cocaine; and on March 30, May 20, May 27, and finally November 28, 2011, admitting to using Adderall without a prescription.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on November 1, 2006, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence outside the guideline range. The intent of this sentence

2

is to hold the defendant accountable for her behavior, protect the community, and to provide specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 1, 2006, is REVOKED and the defendant is committed to the custody of the Bureau of Prisons for a term of 4 months with a 20-month term of supervised release to follow. I recommend that the defendant's place of confinement be as close to Madison, Wisconsin, as possible. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

Special Condition No. 9: "Defendant shall spend the first 3 months of supervised release in a residential reentry center at ARC-Mother and Infant Program (MIP) in Madison, Wisconsin. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses and 25% of her gross income toward the cost of residence."

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration. The probation office is to notify local law enforcement agencies and the state attorney general of the defendant's release to the community.

Entered this 7th day of December, 2011.

BY THE COURT:

William M. Conley
U.S. District Judge

3